# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-4566

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PALEMON GOMEZ-BENITEZ, a/k/a Andres Angeles Hernandez, a/k/a Andres Angel Hernandez, a/k/a Andres Hernandez,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:19-cr-00032-NCT-1)

Submitted: January 27, 2020            Decided: February 12, 2020

Before FLOYD and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Greensboro, North Carolina, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Palemon Gomez-Benitez appeals the 46-month sentence imposed by the district court following his guilty plea to illegal reentry as a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(1) (2018). He argues that his sentence, which is at the bottom of the properly calculated Sentencing Guidelines range, is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a) (2018). We affirm.

We review criminal sentences for reasonableness using "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* at 51; *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted), and Gomez-Benitez bears the burden of rebutting the presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors," *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

At sentencing, while defense counsel advised the court that Gomez-Benitez requested a below-Guidelines sentence, counsel asked the court to sentence her client to a term no higher than the low end of the Guidelines range. This is precisely the sentence the court imposed. In doing so, the court considered Gomez-Benitez's arguments for a sentence at the bottom of or below the Guidelines range, which focused primarily on his history and characteristics, but found that a below-Guidelines sentence was not appropriate given that Gomez-Benitez committed the instant offense less than a year after he was released from prison following the completion of his sentence for his previous illegal reentry conviction, demonstrating that his prior conviction and sentence did not deter his illegal reentry. Nevertheless, acknowledging Gomez-Benitez's argument that he had been truthful with Immigration and Customs Enforcement officers, the court sentenced Gomez-Benitez at the bottom of the Guidelines range. We conclude that Gomez-Benitez has failed to rebut the presumption of reasonableness that we afford his within-Guidelines sentence and that the district court did not abuse its discretion in imposing Gomez-Benitez's sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*