**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4731**

UNITED STATES OR AMERICA,

Plaintiff - Appellee,

v.

ANTONIO DASHAWN PITT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:14-cr-00277-D-1)

Submitted:  March 12, 2020                    Decided:  March 16, 2020

Before KING, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Dashawn Pitt pled guilty, without a written plea agreement, to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2018); and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2018). The district court sentenced Pitt to 125 months' imprisonment, the bottom of his advisory Sentencing Guidelines range. On appeal, Pitt argues that his sentence is substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *See Blue*, 877 F.3d at 517. We have confirmed that Pitt's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2018). In assessing substantive reasonableness, we consider "the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Pitt argues that his sentence is substantively unreasonable because it does not account for the role his mental illness played in his behavior. To the contrary, the court recognized that Pitt's behavior was influenced, in part, by his mental illness and, therefore, included recommendations to the Bureau of Prisons and conditions of supervised release designed to ensure that Pitt receives necessary mental health treatment. The court, however, carefully balanced Pitt's mental health and other mitigating factors identified by counsel with the seriousness of the crimes, the need for deterrence, and the need to protect the public. Our review convinces us that the court carefully evaluated the § 3553(a) factors and gave due consideration to Pitt's arguments in mitigation, including his mental illness, when imposing a sentence at the bottom of the Guidelines range. Pitt, therefore, has failed to rebut the presumption of reasonableness accorded his sentence.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*