**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4400

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY ELTON JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:19-cr-00079-D-1)

Submitted: February 23, 2021                    Decided: February 25, 2021

Before MOTZ, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Elton Jones pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Jones to 70 months' imprisonment, a sentence at the low end of the advisory Sentencing Guidelines range. On appeal, Jones argues that the sentence is substantively unreasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), *cert. denied*, 141 S. Ct. 687 (2020).[*] In reviewing a sentence for substantive reasonableness, "we look to the totality of the circumstances to determine whether the district court abused its discretion in applying the standards set out in § 3553(a)(2)." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015). We presume a within-Guidelines sentence is substantively reasonable, *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018), and that presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors," *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

---

[*] In conducting this review, we must first determine whether a sentence is procedurally reasonable. *United States v. Provance*, 944 F.3d. 213, 218 (4th Cir. 2019). Although not raised by the parties, we have reviewed the record and conclude that Jones' sentence is procedurally reasonable.

Jones argues that his sentence is substantively unreasonable because his acceptance of responsibility, the large increase in his advisory Guidelines range that resulted from his voluntary statement to authorities, and his history and characteristics warranted a below-Guidelines range sentence. We conclude that Jones fails to rebut the presumption that his within-Guidelines-range sentence is reasonable, and we "defer[] to the [d]istrict [c]ourt's reasoned . . . decision that the § 3553(a) factors, on the whole, justified the sentence" *Gall*, 552 U.S. at 59-60. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
