**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4467**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MASON WHITE HYDE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:19-cr-00548-NCT-1)

Submitted:  February 23, 2021                    Decided:  February 26, 2021

Before MOTZ, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mason White Hyde pled guilty, pursuant to a written plea agreement, to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. The district court sentenced Hyde to 70 months' imprisonment, in the middle of his advisory Sentencing Guidelines range. On appeal, Hyde argues that his sentence is substantively unreasonable. For the reasons set forth below, we affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *See Blue*, 877 F.3d at 517. We have confirmed that Hyde's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). In assessing substantive reasonableness, we consider "the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Hyde argues that his sentence is substantively unreasonable because mitigating factors such as his difficult upbringing, history of substance abuse, and desire to learn new job skills and better his life warranted a lower sentence. However, the district court considered these factors and recommended substance abuse treatment, mental health treatment, as well as educational and vocational training. The court carefully balanced Hyde's personal history and characteristics with the seriousness of the crime, the need for deterrence, and the need to protect the public. Our review convinces us that the court carefully evaluated the § 3553(a) factors and gave due consideration to Hyde's arguments in mitigation when imposing a sentence in the middle of the Guidelines range. Hyde has therefore failed to rebut the presumption of reasonableness accorded his sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*