**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4719**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM T. WARE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:18-cr-00242-1)

Submitted:  March 17, 2021                         Decided:  March 30, 2021

Before AGEE, DIAZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Rhett H. Johnson, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Christopher R. Arthur, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee,

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, William T. Ware pled guilty to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Ware to 60 months' imprisonment, an upward variance from the 30- to 37-month Sentencing Guidelines range. Ware appeals, challenging the reasonableness of his sentence, which he contends is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019). First we must assess whether the district court committed procedural error, such as failing to calculate or improperly calculating the Guidelines range, insufficiently considering the § 3553(a) factors, relying on clearly erroneous facts, or inadequately explaining the chosen sentence. *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015). "If we determine that the district court has not committed procedural error, only then do we proceed to assess the substantive reasonableness of the sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.), *cert. denied*, 2020 WL 6385951 (U.S. 2020). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

Here, the district court properly calculated the advisory Guidelines range, provided the parties with an opportunity to argue for an appropriate sentence, sufficiently considered

2

the § 3553(a) factors, did not rely on clearly erroneous facts, and thoroughly explained its sentence. We conclude that Ware's sentence is procedurally reasonable.

Substantive reasonableness, the second step of reasonableness review, "examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Hargrove*, 701 F.3d 156, 160-61 (4th Cir. 2012) (internal quotation marks omitted). "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Nance*, 957 F.3d at 215 (internal quotation marks omitted). "[T]he fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id*. (internal quotation marks omitted). Thus, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Hargrove*, 701 F.3d at 163-64 (brackets and internal quotation marks omitted).

Ware contends that the upward variant sentence is substantively unreasonable because it is greater than necessary to provide just punishment for his offense. Essentially, Ware asserts that the district court should have weighed the § 3553(a) factors differently. However, "district courts have extremely broad discretion" in deciding the weight to assign to each of the § 3553(a) factors. *United States v. McCain*, 974 F.3d 506, 517 (4th Cir. 2020) (internal quotation marks omitted).

3

The court thoroughly and reasonably considered the nature and circumstances of the offense and Ware's history and characteristics, taking into account Ware's extensive criminal record which included violent and dangerous behavior, and occasionally involved firearms. The court observed that Ware's earlier sentences did not deter him from continuing his criminal behavior. In determining that the upward variant sentence was sufficient but not greater than necessary to meet the sentencing goals of § 3553(a), the court explained that, while Ware's overall criminal history was an important consideration in evaluating the statutory sentencing factors, his sentence reflected the seriousness of, and provided just punishment for, his current offense and was intended to promote respect for the law and protect the public from Ware's criminal conduct. Mindful of the deference accorded a district court's determination that the § 3553(a) factors, as a whole, justify the extent of a variance, and considering the totality of the circumstances and the court's thorough and reasonable analysis of the § 3553(a) factors, we conclude that the extent of the upward variance here is not substantively unreasonable. *See, e.g., Hargrove*, 701 F.3d at 163-65 (affirming variance from 0-to-6-month Guidelines range to 60-month sentence); *United States v. Diosdado-Star*, 630 F.3d 359, 366-67 (4th Cir. 2011) (affirming variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of relevant § 3553(a) factors). Accordingly, we conclude Ware's sentence is substantively reasonable.

4

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*