**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4257**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE VINCENT SANTOS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:14-cr-00412-WO-1)

Submitted:  June 24, 2021                    Decided:  June 28, 2021

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin D. Porter, MORROW PORTER VERMITSKY & TAYLOR PLLC, Winston-Salem, North Carolina, for Appellant.  Matthew G. T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2015, Jose Vincent Santos pled guilty, pursuant to a written plea agreement, to attempt and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951, and using, carrying, and discharging a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Santos' § 924(c) conviction was later vacated in accordance with *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc). At resentencing, the district court imposed a sentence of 151 months' imprisonment, and Santos now appeals, arguing that his sentence is both procedurally and substantively unreasonable. We affirm.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) factors, "select[ed] a sentence based on clearly erroneous facts, or fail[ed] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citations and internal quotation marks omitted).

If a sentence is free of significant procedural error, we then review it for substantive reasonableness, "taking into account the totality of the circumstances, including the extent

2

of any variance from the Guidelines range." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (internal quotation marks omitted). "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to the [18 U.S.C.] § 3553(a) factors and are plausible." *Id.* (internal quotation marks omitted). "A major departure should be supported by a more significant justification than a minor one." *Id.* at 217. While we "may consider the extent of the deviation, we must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (brackets and internal quotation marks omitted). Finally, "even [if] we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient basis to vacate the district court's chosen sentence." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (alterations and internal quotation marks omitted).

Santos argues that the district court failed to adequately explain the deviation from the Guidelines range because it relied on the same factors—namely, the discharge of the firearm and the victim's bodily injuries—in Santos' original sentencing proceeding, therefore its explanation for the upward variance was not sufficient. We disagree. During the resentencing hearing, the court explained that an upward variance was necessary to account for the seriousness of the offense because Santos' § 924(c) conviction was vacated. The court explained that Santos originally received a lower 66-month sentence on the Hobbs Act robbery conspiracy count because he also received a mandatory 120-month consecutive sentence on the § 924(c) offense. Therefore, in fashioning the new sentence, the court not only considered the discharge of the firearm and the victim's life threatening

3

injuries but also the recent vacatur of Santos' § 924(c) conviction. We conclude that Santos' upward variance sentence is procedurally reasonable.

Santos also argues that his variant sentence is substantively unreasonable because the court considered the discharge of the firearm and the victim's life threatening injuries—factors that were already accounted for by sentencing enhancements—in fashioning the sentence. This argument fails because "a fact that is taken into account in computing a Guidelines range is not excluded from consideration when determining whether the Guideline[s] sentence adequately serves the four purposes of [18 U.S.C.] § 3553(a)(2)." *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015) (internal quotation marks omitted). The court concluded that the Guidelines limitation of a total of 11 points for the enhancements for discharge of a firearm, U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(A) (2018), and a victim sustaining life threatening bodily injury, USSG § 2B3.1(b)(3)(C), did not sufficiently reflect the seriousness of the offense or the need for deterrence. The court therefore crafted an upward variance based on two offense levels to address these sentencing objectives. We do not perceive the district court as calculating the applicable Guidelines range based on this consideration. The additional two offense levels served as a guide for the valid extent of the upward variance.

In imposing the upward variance sentence, the district court considered the 18 U.S.C. § 3553(a) factors, especially the need to afford adequate deterrence and the seriousness of the offense, Santos' several disciplinary infractions, which included two infractions for possession of a dangerous weapon and several assignments to a special housing unit while incarcerated, his difficult childhood, and participation in rehabilitation

4

programs. The court also considered the violent nature of the armed robbery and its aggravating circumstances. The court therefore relied on proper factors. We conclude that Santos' upward variance sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*