**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4559**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

COLBEY LAMONT BLACK,

       Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cr-00079-CCE-1)

Submitted:  July 19, 2021                             Decided:  August 5, 2021

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Nicole R. Dupre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Colbey Lamont Black appeals from his 60-month sentence imposed pursuant to his guilty plea to conspiracy to distribute marijuana. On appeal, he asserts that his sentence is substantively unreasonable. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first review the sentence for significant procedural error, such as incorrectly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence imposed. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). If we find no such procedural error, we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 687 (2020).

While Black has not challenged the procedural reasonableness of his sentence, we have acknowledged that we are "required to analyze procedural reasonableness before turning to substantive reasonableness," even if procedural error is forfeited or affirmatively waived by the parties. *Provance*, 944 F.3d at 218 (vacating and remanding sentence for insufficient explanation, even though Government affirmatively waived issue and posited that sentence was procedurally reasonable). Our review of the record reveals no procedural error. The district court properly calculated the Guidelines range and provided a

2

procedurally adequate and sufficiently compelling explanation, grounded in the § 3553(a) factors, to justify its decision.

Moving to substantive reasonableness, we presume a within- or below-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* We must give due deference to the court's reasoned and reasonable decision that those factors justified the sentence that it imposed. *See United States v. Diosdado-Star*, 630 F.3d 359, 367 (4th Cir. 2011) (citation and quotation marks omitted) (noting that the sentencing judge is in a superior position to weight the importance of the sentencing factors).

We find that Black's within-Guidelines sentence is substantively reasonable when measured against the § 3553(a) factors as articulated by the court. Specifically, as the district court explained, Black's criminal conduct was serious and continued for several years, involved a large drug amount, placed him in a managerial role, and involved the corruption of public employees (postal workers). In addition, Black, who had a serious criminal history, received a beneficial plea agreement, through which he pleaded guilty to a lesser included offense with a statutory maximum sentence of 60 months.[*] We cannot

---

[*] Prior to consideration of the statutory maximum, Black's Guidelines range was 84 to 105 months. Had the court sustained his objection to the Guidelines calculation, which had to do with his criminal history, the range would have been 70 to 87 months. The district court overruled the objection, but noted that it was a close question and asserted that it took Black's objection into account. Regardless, the district court placed little weight on the difference between the parties' calculations because, either way, the Guidelines-calculated
(Continued)

conclude that the district court abused its discretion when it declined to find that the mitigating factors Black identifies—which the court explicitly addressed during sentencing—outweighed the seriousness of the offense.  Therefore, Black has failed to overcome the presumption that his sentence is substantively reasonable.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

sentence was reduced to 60 months in accordance with the statutory maximum. U.S.S.G. § 5G1.1(a).