**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4202**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFRED LAVORIS MOODY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:20-cr-00419-D-1)

Submitted:  November 23, 2021                    Decided:  November 29, 2021

Before NIEMEYER, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfred Lavoris Moody pled guilty to two counts of possession with the intent to distribute a quantity of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced Moody to 78 months' imprisonment. On appeal, Moody argues that his sentence is substantively unreasonable. We affirm.

We review a criminal sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. We have confirmed that Moody's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary" to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). In assessing substantive reasonableness, we consider "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Moody argues that his sentence is substantively unreasonable because it is greater than necessary to accomplish the objectives of sentencing. We have reviewed the record and conclude that the district court properly evaluated the relevant § 3553(a) factors,

2

including the nature and circumstances of the offense, the defendant's history and characteristics, and the need for just punishment and deterrence, and appropriately balanced these factors against Moody's mitigating arguments in imposing a sentence within the Guidelines range. Therefore, Moody failed to rebut the presumption of substantive reasonableness accorded his within-Guidelines-range sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*