**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4405

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY JONES, a/k/a Dog, a/k/a Digity, a/k/a Digity Chemist,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:04-cr-00324-D-1)

Submitted:  February 24, 2022                    Decided:  February 28, 2022

Before GREGORY, Chief Judge, and NIEMEYER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2006, Timothy Jones was sentenced to life imprisonment following his convictions for conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). After Jones filed a successful 28 U.S.C. § 2241 petition in 2019, the district court resentenced Jones below the Sentencing Guidelines range to 360 months' imprisonment. Jones appeals, arguing that his sentence is substantively unreasonable. We affirm.

We review Jones' sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). In reviewing for reasonableness, we must first ensure that the district court did not commit any significant procedural errors, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."* *Id.* at 51. We then review the substantive reasonableness of the sentence; that is, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the

---

* Although Jones does not challenge the procedural reasonableness of his sentence, we conclude that it is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019) (requiring that "we review [a] sentence for procedural reasonableness *before* addressing whether it is substantively reasonable").

2

standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). Moreover, we presume that a sentence within or below a defendant's advisory Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record confirms that the district court thoroughly discussed the relevant § 3553(a) factors, including the serious nature and circumstances of the offenses, Jones' history and characteristics, and the need to provide just punishment. Moreover, the court appropriately balanced these factors against Jones' mitigating arguments in imposing a sentence below the Guidelines range. In light of the court's extensive consideration of the § 3553(a) factors, Jones has failed to rebut the presumption of substantive reasonableness accorded his below-Guidelines range sentence.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*