**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4786

UNITED STATES OF AMERICA,

           Plaintiff - Appellant,

    v.

JON W. PROVANCE,

           Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:18-cr-00115-BO-1)

Argued: October 31, 2019                  Decided: December 3, 2019

Before MOTZ, DIAZ, and THACKER, Circuit Judges.

Vacated and remanded by published opinion. Judge Thacker wrote the opinion, in which Judge Motz and Judge Diaz joined.

**ARGUED:** Erin Christina Blondel, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant. Jaclyn Lee DiLauro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant. G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellee.

THACKER, Circuit Judge:

Jon William Provance ("Appellee") pled guilty to one count of assault resulting in bodily injury to a victim under 16 years of age, admitting that he repeatedly injured his newborn son. Appellee's advisory sentencing range was calculated at 33 to 41 months of imprisonment, but the district court varied downward and sentenced him to only five years of probation and 200 hours of community service. The Government appeals, arguing Appellee's sentence is substantively unreasonable because (1) nothing in the record supported a downward variance; and (2) the district court relied on an impermissible sentencing factor, namely Mrs. Provance's purported relative culpability.

As we must, we review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable. Upon this review, we conclude the district court failed to provide an explanation in support of its sentence sufficient to permit meaningful appellate review. Accordingly, we vacate the sentence as procedurally unreasonable and remand for further proceedings.

I.

In May 2015, Appellee and his wife, Jasmine, gave birth to their first child. Mrs. Provance was an active duty small arms/artillery mechanic in the United States Army, stationed at Fort Bragg, North Carolina. After the birth of their son, Mrs. Provance took six weeks of maternity leave, after which she returned to work full time. Upon Mrs. Provance's return to duty, Appellee became the primary caregiver to the child.

Between May and August 2015, Appellee repeatedly assaulted his newborn son, causing life threatening injuries. When the child was three months old, Appellee and Mrs.

2

Provance took him to the Womack Army Medical Center after noticing facial bruising and that the child's right leg was swollen. Doctors observed numerous bruises on the child and a skeletal survey revealed five fractures to his ulna, humerus, ribs, and tibia. The fractures were in different stages of healing. The doctors concluded the child was a victim of child abuse and called local authorities.

Law enforcement and child protective services investigated. During the investigation, Mrs. Provance admitted she had noticed Appellee being rough with their son but claimed she could not recall any incidents that would cause the injuries. Ultimately, on May 8, 2018, Appellee admitted to causing the injuries, but he claimed to have no idea when, where, or how he fractured his infant son's bones.

Appellee later pled guilty to one count of assault resulting in bodily injury to a victim under 16 years of age in violation of 18 U.S.C. § 113(a)(7). After Appellee pled guilty, the United States Probation Office prepared a Presentence Investigation Report ("PSR") pursuant to the 2016 Sentencing Guidelines Manual ("Guidelines") and calculated Appellee's Guidelines' imprisonment range as 33 to 41 months of imprisonment. Per this Guidelines range, Appellee was ineligible for probation.[1]

---

[1] "Where the applicable guidelines range is in Zone C or D of the Sentencing Table (i.e., the minimum term of imprisonment specified in the applicable guideline range is ten months or more), the guidelines do not authorize a sentence of probation." U.S.S.G. § 5B1.1 cmt. n.2 (2016).

At sentencing, Appellee accepted full responsibility for his crime but maintained he could not remember how he caused the injuries to his son. He professed love for his son but said he was having a hard time adjusting to life with a newborn and would often become frustrated. Appellee further stated that he did not mean to hurt the child. Appellee's counsel sought a downward variance from the Guidelines imprisonment range, arguing that Appellee loved his son; had no criminal history; worked; took classes on newborn care, parenting, stress management, and anger management; and attended psychotherapy sessions. Counsel argued that a within Guidelines sentence would take Appellee away from his son, with whom he was attempting to repair his relationship. The Government opposed the downward variance and argued for a within Guidelines sentence based upon the seriousness of the offense and Appellee's troubling claim that he did not realize he was harming his child.

During the sentencing hearing, the district court made numerous sua sponte inquiries concerning Mrs. Provance, first asking, "How does the mother escape joint culpability for this? She's the mother of this child, she's there, the fact that she's in the Army is not the child's business. . ." J.A. 39.[2] The district court also asked about Mrs. Provance's maternity leave and involvement in parenting after she returned to work. The district court asked, "How long did she stay out post birth?" *id*. at 40; "So she was the primary caregiver, wasn't she, during the six weeks?" *id*. at 41–42; and "How long was she gone during the day without being there and you being alone with the baby?" *Id*. at 42.

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

And when the Government argued for a within Guidelines sentence in light of the serious nature of the offense, the district court again asked, "Where is the mother in all this?" *Id.* at 65. After the Government again explained Mrs. Provance was on active duty in the Army and had to be at work during the day, the district court remarked "[s]uppose she didn't have a husband." *Id.* at 67.

The district court then announced its sentence:

> I'll impose a sentence of probation of five years on condition that he not violate any Federal, state, or local law; perform 200 hours of community service; and that his contact with his child be supervised by social services or other state agency in the area of their domicile; and that he continue to be employed, that he continue to provide both healthcare coverage, child school and after-school coverage; and that he provide financial support in an amount to be determined by the courts in Minnesota. And that his -- any contact with the child be supervised by social services during his period of probation; and a special assessment of $100.
> You can appeal that if you want.

*Id.* at 67–68.

The Government timely noted an appeal, arguing only that the sentence was substantively unreasonable.

## II.

We review a district court's sentence for an abuse of discretion. *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted) (explaining abuse of discretion applies "whether inside, just outside, or significantly outside the Guidelines range"). "Pursuant to this standard, we review the district court's legal conclusions de novo and factual findings for clear error." *Id.*

5

Our review of criminal sentences "is limited to determining whether they are reasonable." *Gall v. United States*, 552 U.S. 38, 46 (2007) (internal quotation marks omitted). Where, as here, the district court imposes a sentence outside of the Guidelines range, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. A major departure should be supported by a more significant justification than a minor one. *See id.* Though we may consider the extent of the deviation, we "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 51. The fact that we might have imposed a different sentence is insufficient to justify reversal of the district court. *See id.*

III.

A.

As an initial matter, we must determine the scope of our review in this case. The Government challenges Appellee's sentence only on the basis of substantive reasonableness. Indeed, the Government posits that the sentence was procedurally reasonable. Therefore, Appellee asks us to conclude the Government has waived any argument that the sentence was procedurally unreasonable.

The Supreme Court has mandated that in reviewing any sentence, appellate courts "*must first ensure* that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007) (emphasis supplied). If the sentence "is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence," taking into account the totality of the circumstances. *Id.* And, our own

6

case law makes clear, "[i]f, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted).

While we acknowledge Appellee's argument that contentions not raised in the argument section of the opening brief are ordinarily abandoned, we nonetheless conclude that we are required to analyze procedural reasonableness before turning to substantive reasonableness.

B.

1.

Procedural errors include failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, and failing to adequately explain the sentence -- "including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. When rendering a sentence, the district court must make an individualized assessment based on the facts presented and "must state in open court the particular reasons supporting its chosen sentence." *Carter*, 564 F.3d at 328 (internal quotation marks omitted). The district court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). In doing so, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising

his own legal decision-making authority." *Id.* at 518 (internal quotation marks omitted) (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)). Failing to consider the § 3553(a) factors and failing to adequately explain the chosen sentence are procedural errors. *Gall*, 552 U.S. at 51.

We cannot assume that a sentencing court truly considered the parties' nonfrivolous arguments or the defendant's individual characteristics "when the record fails to make it 'patently obvious.'" *Blue*, 877 F.3d. at 521 (quoting *United States v. Montes-Pineda*, 455 F.3d 375, 381 (4th Cir. 2006)). Engaging counsel in a discussion about the merits of an argument in favor of a particular sentence, for example, may be sufficient to permit a reviewing court to "infer that a sentencing court gave specific attention to a defendant's argument." *Blue*, 877 F.3d at 521. "Absent such contextual indicators, however, we have declined to guess at the district court's rationale, searching the record for statements . . . or for any other clues that might explain a sentence." *Id.* (internal quotation marks omitted).

2.

Inexplicably, the Government does not argue the sentence here is procedurally unreasonable. Indeed, the Government asserts that the sentence is, in fact, procedurally reasonable. The Government argues the district court's reasoning is clear from the record, but that such reasoning is impermissible or inadequate. The Government avers that, in issuing its sentence, the district court focused on the relative culpability of the child's mother and whether she should have been home in order to prevent Appellee from abusing their three month old child. The Government points to the questions posed by the district

court at sentencing relating to the mother's work history, maternity leave, and relationship history as evidence of the district court's reliance on this improper sentencing factor.

Though we may be inclined to agree with the Government that a sentence based on this rationale would be inappropriate, we cannot agree that these questions amount to a sufficient explanation of the sentencing rationale. In fact, there was no explanation at all. And we are not permitted to guess at the district court's rationale by "searching the record for statements . . . that might explain a sentence." *Blue*, 877 F.3d at 521.

3.

We cannot find sufficient explanation to allow this Court to conduct meaningful appellate review. Indeed, we cannot find any rational explanation for this sentence. The district court failed to explain how the § 3553(a) factors support the sentence. It failed to explain why it rejected the Government's nonfrivolous arguments in favor of a Guidelines sentence. And, in fact, it failed to provide any sentencing rationale at all.

We have held sentences with more explanation to be procedurally unreasonable. For example, in *Blue*, when announcing its sentence, the district court "stated that it had considered [the defendant's] arguments, the § 3553(a) factors, and the Guidelines[,]" but only specifically addressed two of the defendant's arguments in favor of a below-Guidelines sentence while leaving six other arguments unaddressed. *Blue*, 877 F.3d at 519. This Court held "the district court's failure to address [the defendant]'s arguments, as well as its failure to explain whether and why it rejected them, render[ed the] sentence procedurally unreasonable." *Id.* at 519.

Because the district court here provides no explanation for the chosen sentence, we must hold that the sentence is procedurally unreasonable, vacate the sentence, and remand for resentencing.

C.

In its briefing, the Government urges us to hold this sentence to be substantively unreasonable, without addressing procedural reasonableness. We could not do so even if we were so inclined.

We assess substantive reasonableness by "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017).[3] We will generally find a variance sentence reasonable when "the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006). "However, when the variance is a substantial one—such as the two-thirds reduction from the bottom of the advisory guideline range that is at issue here—*we must more carefully scrutinize the reasoning offered by the district court in support of the sentence*." *Id.* (emphasis supplied). And "[t]he farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Id.*

---

[3] The Government suggests this Court considered only substantive reasonableness in *Zuk*. However, the Government is incorrect. We addressed the substantive reasonableness of the sentence there *only after* determining "the district court correctly calculated the recommended Guidelines sentencing range and substantially complied with the other procedural requirements for sentencing." *Zuk*, 874 F.3d at 409.

Thus, evaluating substantive reasonableness necessarily requires us to review the reasoning offered by the district court in support of the sentence in the first instance. Where, as here, we can discern no reasoning in support of the sentence, we cannot make a determination as to its substantive reasonableness. We therefore decline the Government's invitation to take up this issue.

IV.

For the foregoing reasons, we conclude the sentence here is procedurally unreasonable, vacate the judgment of the district court, and remand for resentencing.

*VACATED AND REMANDED*