**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4135**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

RONNELL MELVIN,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:18-cr-00127-FL-1)

Submitted: December 30, 2019                 Decided: January 9, 2020

Before DIAZ, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey Wuensch Hosford, HOSFORD & HOSFORD, PC, Wilmington, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnell Melvin appeals the 83-month upward variant sentence imposed by the district court after he pled guilty, without a plea agreement, to possessing with intent to distribute a quantity of heroin and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2018), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2018). He argues on appeal that his sentence is substantively unreasonable, given that he had a full-time job when he was indicted, had moved away from where he committed the offenses, has a family, and had no other recent criminal conduct. We affirm.

This court reviews a "sentence[]—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This court first examines the sentence for "significant procedural error," such as improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) (2018) factors, or inadequately explaining the chosen sentence. *Id.* at 51. If a sentence is free of "significant procedural error," then this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.*

To be substantively reasonable, the sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "While a district court's explanation for the sentence must support the degree of [any] variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines. . . . [A]ll sentencing decisions . . . are entitled to due deference." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (internal quotation marks omitted).

2

Indeed, [w]e "must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks omitted). Although Melvin does not challenge on appeal the procedural reasonableness of his sentence, we have reviewed that aspect of his sentence and conclude that the sentence is procedurally sound. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (holding that appellate court must review sentence's procedural reasonableness before discussing substantive reasonableness).

We further conclude that Melvin's sentence is substantively reasonable. While Melvin put forth several arguments in favor of a within-Guidelines sentence, the district court decided that Melvin's criminal history, the need to deter others and promote respect for the law, and the need to protect the public required an upward variance. Such a conclusion is not an abuse of discretion.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*