**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4091**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COURTLAND BARNES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00170-D-1)

Submitted:  November 12, 2019                     Decided:  February 25, 2020

Before THACKER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Courtland Barnes appeals the 168-month sentence imposed by the district court following his guilty plea to ten counts of receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2) (2018), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (2018). Barnes argues that his within-Sentencing-Guidelines-range sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a) (2018). We affirm.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* at 51; *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted), and Barnes bears the burden of rebutting that presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors," *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

At sentencing, the district court correctly calculated a Guidelines range of 168 to 210 months' imprisonment. Barnes requested a downward variance, offering his military service, steady employment history, family background and support, minimal criminal history, and childhood sexual abuse as mitigating factors. Barnes strenuously argued that U.S. Sentencing Guidelines Manual § 2G2.2 (2018) is flawed and emphasized that the district court had the discretion to impose a sentence below the Guidelines range. The district court recognized its discretion, declined to vary downward, and sentenced Barnes to 168 months' imprisonment—a sentence at the low end of the Guidelines range. The court acknowledged Barnes' critique of the Guidelines provision and considered Barnes' mitigation arguments, but the court ultimately concluded that a below-Guidelines sentence was insufficient to reflect the seriousness of the offenses—particularly given the high volume of images involved and the prolonged nature of Barnes' conduct—or to promote respect for the law or justly punish Barnes' crimes. Barnes has failed on appeal to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence. *Louthian*, 756 F.3d at 306. We therefore conclude that the 168-month sentence is procedurally and substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*