**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4119**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

DONTARIUS MARQUIS HALL,

 Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:17-cr-00272-RJC-DSC-1)

Submitted:  March 11, 2020                    Decided:  March 27, 2020

Before WILKINSON, NIEMEYER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dontarius Marquis Hall appeals the 324-month sentence imposed by the district court following his guilty plea to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2018) (Count 1); distribution and possession with intent to distribute 28 grams or more of crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2018), and 18 U.S.C. § 2 (2018) (Counts 2 and 3); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2018) (Count 4); possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922 (g)(1), 924(a)(2) (2018) (Count 5); and distribution and possession with intent to distribute crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(C) (2018), and 18 U.S.C. § 2 (Count 6).[*] Hall argues that the district court abused its discretion in denying his motion for new counsel and that the district court committed reversible error in failing to properly analyze his motion for a downward variance. We affirm.

"We review the denial of [a] motion for substitute counsel for abuse of discretion." *United States v. Horton*, 693 F.3d 463, 466 (4th Cir. 2012). Where, as here, "a district court has denied a request . . . to replace one court-appointed lawyer with another court-appointed lawyer," the inquiry is "whether the initial appointment ceased to constitute

---

[*] The 324-month sentence included a total of 264 months on Counts 1 through 3 and 5 through 6, a downward variance from the Sentencing Guidelines range established by the district court, and a consecutive 60-month sentence on Count 4.

Sixth Amendment assistance of counsel." *Id.* at 466-67 (internal quotation marks omitted). This court considers three factors: "(1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *Id.* at 467 (internal quotation marks omitted). We then "weigh these factors against the [district] court's interest in the orderly administration of justice." *United States v. Reevey*, 364 F.3d 151, 157 (4th Cir. 2004). Our review of the record confirms that the district court did not abuse its discretion in denying Hall's motion.

Next, "[w]e 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails consideration of both procedural and substantive reasonableness. *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014). This court must "review [a] sentence for procedural reasonableness *before* addressing whether it is substantively reasonable." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019); *see Gall*, 552 U.S. at 51 (discussing procedural reasonableness); *Blue*, 877 F.3d at 518-19 (discussing adequacy of district court's explanation).

If the court finds no procedural error, it also must evaluate the substantive reasonableness of the sentence, considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. "Where, as here, the district court imposes a sentence outside of the Guidelines range, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to

support the degree of the variance." *Provance*, 944 F.3d at 217 (internal quotation marks omitted). A sentence below a properly calculated Guidelines range is presumed substantively reasonable. *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017). Hall can rebut that presumption only by demonstrating "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted). With these standards in mind, we have reviewed the record on appeal and conclude that Hall's sentence is procedurally and substantively reasonable.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*