**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-4053**

───────────

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

STEPHON TREVOR ELLIS,

       Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:20-cr-00030-D-1)

───────────

Submitted:  March 29, 2022                          Decided:  March 31, 2022

───────────

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephon Trevor Ellis pled guilty, without a plea agreement, to possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Ellis to 90 months' imprisonment, toward the low end of his advisory Sentencing Guidelines range. On appeal, Ellis argues that his sentence is substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Blue*, 877 F.3d at 517. We have confirmed that Ellis' sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

In assessing substantive reasonableness, we consider "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Ellis argues that his sentence is substantively unreasonable because mitigating factors such as his difficult childhood, mental health issues, history of substance abuse, and

2

desire to turn his life around warranted a lower sentence. However, the district court considered these factors and recommended mental health treatment, substance abuse treatment, and educational and vocational training. The court carefully balanced Ellis' personal history and characteristics with the seriousness of the crime, the need for deterrence, the need to promote respect for the law, and the need to incapacitate Ellis. Our review convinces us that the district court carefully evaluated the § 3553(a) factors and gave due consideration to Ellis' mitigating arguments when imposing a sentence toward the low end of the Guidelines range. Thus, Ellis' sentence is substantively reasonable, and Ellis has failed to rebut the presumption of reasonableness accorded his sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*