**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4276**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE MARCUS BUCHANAN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:20-cr-00274-CCE-1)

Submitted:  March 29, 2022                              Decided:  March 31, 2022

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Brittany S. Speas, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Lindsey A. Freeman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Marcus Buchanan pled guilty, pursuant to a written plea agreement, to possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Buchanan as a career offender to 151 months' imprisonment, at the low end of his advisory Sentencing Guidelines range. On appeal, Buchanan argues that his sentence is substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Blue*, 877 F.3d at 517. We have confirmed that Buchanan's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

In assessing substantive reasonableness, we consider "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Buchanan argues that his sentence is substantively unreasonable in light of the age of his predicate career offender convictions, the small amount of cocaine base involved in

2

this offense, and several mitigating factors, including his difficult childhood, mental health issues, and desire to support his children. However, the district court considered these factors and determined that they justified a sentence at the low end of the Guidelines range rather than a downward variance. The court carefully balanced Buchanan's personal history and characteristics with the seriousness of the offense, the need for deterrence, and the need to protect the public. Our review convinces us that the district court carefully evaluated the § 3553(a) factors and gave due consideration to Buchanan's mitigating arguments when imposing a sentence at the low end of the Guidelines range. Thus, Buchanan's sentence is substantively reasonable, and Buchanan has failed to rebut the presumption of reasonableness accorded his sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*