**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4412**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GENE LEGRAND HICKMAN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00414-WO-1)

Submitted:  August 23, 2022                    Decided:  August 25, 2022

Before GREGORY, Chief Judge, HEYTENS, Circuit Judge, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** William Stimson Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Eric L. Iverson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gene Legrand Hickman, Jr., pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). The district court assessed a Sentencing Guidelines range of 240 months—the statutory maximum—and sentenced Hickman to 228 months' imprisonment, followed by a lifetime term of supervised release. On appeal, Hickman contends that his sentence is unreasonable. For the following reasons, we affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). In doing so, we first examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. We then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against 18 U.S.C. § 3553(a) factors." *Id.*

Although Hickman challenges only the substantive reasonableness of his sentence, we must first consider the procedural reasonableness of his sentence. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Having reviewed the record, we conclude that the sentence is procedurally reasonable. Hickman contends that his sentence is substantively unreasonable because some Sentencing Guidelines enhancements he

2

received apply to most child pornography offenders, he expressed remorse for his conduct, his lack of a criminal history, and his personal characteristics. However, the district court thoroughly and reasonably explained why a 228-month sentence was warranted. Based on the factors identified by the district court, we conclude that Hickman has failed to rebut the presumption of reasonableness afforded to his below-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*