**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4259**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DESMOND JERMAINE WHISONANT,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00279-WO-1)

———————

Submitted:  March 21, 2023                  Decided:  March 23, 2023

———————

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Thomas H. Johnson, Jr., Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Jacob D. Pryor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desmond Jermaine Whisonant pled guilty, pursuant to a written a plea agreement, to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court imposed a 124-month term of imprisonment, sentencing Whisonant below his advisory Sentencing Guidelines range of 135 to 168 months' imprisonment. On appeal, Whisonant argues that his sentence is substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Blue*, 877 F.3d at 517. We have confirmed that Whisonant's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("[W]e are required to analyze procedural reasonableness before turning to substantive reasonableness.").

In assessing substantive reasonableness, we consider "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

2

Whisonant argues that his sentence is too long and, therefore, is substantively unreasonable. At sentencing, Whisonant requested a 75-month sentence. The district court considered Whisonant's mitigation arguments, including, *inter alia*, his difficult childhood; mental health challenges, particularly following the loss of his teenage son; his desire to support his pregnant daughter; and the fact that even 75 months' imprisonment would be approximately three times longer than any other sentence he had served. However, after engaging with the parties' arguments, the district court found that a sentence of less than 124 months' imprisonment would not adequately account for the seriousness of the offense or the needs to promote respect for the law and afford adequate deterrence.

The district court carefully evaluated the § 3553(a) factors and gave due consideration to Whisonant's mitigation arguments when imposing the below-Guidelines sentence. Whisonant has therefore failed to rebut the presumption of reasonableness afforded his sentence. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*