**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4438**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DEMETRIUS ANTWON MCGREGOR,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, Chief District Judge.  (2:19-cr-00034-MSD-DEM-1)

─────────────

Submitted:  December 29, 2023                 Decided:  January 31, 2024

─────────────

Before AGEE and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, William B. Jackson, Assistant United States Attorney, Joseph E. DePadilla, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Demetrius Antwon McGregor of two counts of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g), 924(e), one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). After calculating an advisory Sentencing Guidelines range of 360 months to life imprisonment, the district court sentenced McGregor to 360 months' imprisonment and 5 years' supervised release. On appeal, McGregor argues that the court (1) erred in denying his motion to suppress evidence recovered from an apartment, (2) erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal, and (3) imposed an unreasonable sentence. Finding no error, we affirm.

We begin with McGregor's challenge to the district court's order denying his motion to suppress. In his opening brief, McGregor argues that the district court erred in finding that the search warrant for the apartment was supported by probable cause. However, the court also found that the *Leon** good faith exception to the exclusionary rule applied. On appeal, McGregor does not challenge this independent, alternate ground for the denial of the motion to suppress. Accordingly, he has waived appellate review of the issue. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)); *Brown v. Nucor*

---

* *United States v. Leon*, 468 U.S. 897 (1984).

2

*Corp.*, 785 F.3d 895, 918 (4th Cir. 2015) ("Failure of a party in its opening brief to challenge an alternate ground for a district court's ruling waives that challenge." (cleaned up)).

Next, McGregor contends that the district court erred in denying his Fed. R. Crim. P. 29 motion for acquittal based on insufficient evidence. We review a district court's denial of a Rule 29 motion based on the sufficiency of the evidence de novo. *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir. 2019). "A jury's guilty verdict must be upheld if, viewing the evidence in the light most favorable to the government, substantial evidence supports it." *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up).

In assessing whether substantial evidence supports a conviction, "we are not entitled to assess witness credibility." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). We must also "draw[] all reasonable inferences from the facts" in "the light most favorable to the prosecution." *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019) (internal quotation marks omitted). Accordingly, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

We have reviewed the record and conclude that substantial evidence supports McGregor's convictions. The Government presented evidence that drugs and firearms

3

were found in the bedroom of McGregor's apartment. The bedroom also contained ammunition and magazines that matched a handgun recovered from McGregor's person during his arrest, an arrest that took place just outside of the apartment. Further, expert witnesses opined that the firearms and drugs found in the bedroom were consistent with drug trafficking. Therefore, rational jurors could reasonably infer that McGregor constructively possessed the drugs and firearms, that he intended to distribute the drugs, and that he possessed at least one firearm in furtherance of a drug trafficking crime. Accordingly, the district court did not err in denying McGregor's Fed. R. Crim. P. 29 motion for acquittal.

Turning to McGregor's sentence, we review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. McDonald*, 28 F.4th 553, 561 (4th Cir. 2022) (internal quotation marks omitted). In reviewing whether a sentence is reasonable, we first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). If the sentence is procedurally sound, we "then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Gillespie*, 27 F.4th 934,

4

945 (4th Cir.), *cert. denied*, 143 S. Ct. 164 (2022).  A defendant can rebut this presumption only by showing that the sentence is unreasonable when measured against the § 3553(a) factors.  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that McGregor's sentence is procedurally and substantively reasonable.  The district court properly calculated the Guidelines range and thoroughly explained the chosen sentence after considering the parties' arguments and the statutory sentencing factors.  And, while McGregor argues that his sentence is substantively unreasonable, he fails to rebut the presumption of reasonableness attached to his within-Guidelines-range sentence.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*