**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4538

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE MANUEL MACIAS-CARRILLO,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00018-WO-1)

Submitted:  February 29, 2024                    Decided:  March 11, 2024

Before THACKER and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Elizabeth A. Flagg, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Manuel Macias-Carrillo appeals his jury convictions and 60-month sentence for illegal reentry of a previously-removed alien, in violation of 8 U.S.C. § 1326(a), and possession of a firearm by an alien illegally present in the country, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2).  On appeal, he argues that the district court abused its discretion in denying his motion for a mistrial and imposed a substantively unreasonable sentence. Finding no error, we affirm.

We review a district court's denial of a motion for mistrial for abuse of discretion. *United States v. Zelaya*, 908 F.3d 920, 929 (4th Cir. 2018); *see also United States v. Taylor*, 942 F.3d 205, 221 (4th Cir. 2019) ("Because a mistrial is so drastic a step, we will disturb the district court's refusal to grant one only in extraordinary circumstances.").  In his motion for a mistrial, Macias-Carrillo observed that one juror expressed doubt during the polling following the initial verdict, that another juror appeared anxious during the trial, and that a court security officer observed a juror crying.  Based on these observations, he argued that some members of the jury may have pressured or coerced other members into accepting the final verdict.  However, assertions that influences internal to the process affected the jury's deliberations are insufficient to impeach a jury verdict.  *See Barnes v. Thomas*, 938 F.3d 526, 530 (4th Cir. 2019) (noting that an "*internal* juror influence," such as a juror's "communication with fellow jurors . . . does not implicate a defendant's Sixth Amendment right to an impartial jury"); *Robinson v. Polk*, 438 F.3d 350, 360, 363 (4th Cir. 2006) (explaining that courts may consider evidence relevant to whether "extraneous prejudicial information" affected jury deliberations, but that "the Sixth

2

Amendment's guarantees do not require judicial consideration of juror allegations regarding influences internal to the deliberation process"). Accordingly, we conclude that the district court properly denied the motion for a mistrial.

We review Macias-Carrillo's sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. McDonald*, 28 F.4th 553, 561 (4th Cir. 2022) (internal quotation marks omitted). In reviewing whether a sentence is reasonable, we first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). If the sentence is procedurally sound, we "then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.), *cert. denied*, 143 S. Ct. 164 (2022). A defendant can rebut this presumption only by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Macias-Carrillo's sentence is procedurally and substantively reasonable. The district court properly calculated the Guidelines range and thoroughly explained the chosen sentence after considering the parties' arguments and the statutory

3

sentencing factors. While Macias-Carrillo argues that the Guidelines range overstated the seriousness of his offense conduct and that a lower sentence was warranted in light of his employment history and lack of criminal history, the court considered these mitigating arguments and determined that they failed to warrant a downward variance when weighed against the seriousness of his offense conduct and disregard for the law. We conclude that Macias-Carrillo fails to rebut the presumption of reasonableness attached to his within-Guidelines-range sentence.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*