**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4586**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

DARRELL LEON WILSON, JR.,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00356-TDS-1)

_____

Submitted:  April 24, 2025                            Decided:  April 28, 2025

_____

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Leon Wilson, Jr., pled guilty to being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced Wilson to 84 months' imprisonment, a sentence below the advisory Sentencing Guidelines range. On appeal, Wilson argues that his sentence is substantively unreasonable. We affirm.

We review a criminal sentence for reasonableness "under the deferential abuse-of-discretion standard."[*] *United States v. Dominquez*, 128 F.4th 226, 237 (4th Cir. 2025). "In reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Davis*, 130 F.4th 114, 127 (4th Cir. 2025) (internal quotation marks omitted). "Where, as here, the sentence imposed is outside the advisory Guidelines range, [we] consider[] whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Dominguez*, 128 F.4th at 237 (internal quotation marks omitted); *see Davis*, 130 F.4th at 128. Indeed, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and "[t]he presumption can only be rebutted by showing that the sentence is unreasonable when

---

[*] We have confirmed that Wilson's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("[W]e are required to analyze procedural reasonableness before turning to substantive reasonableness.").

measured against the . . . § 3553(a) factors." *United States v. Henderson*, 107 F.4th 287, 297 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 145 S. Ct. 578 (2024).

Wilson argues that his sentence is substantively unreasonable because the district court did not give appropriate weight to whether the sentence afforded adequate deterrence to criminal conduct, one of the § 3553(a) factors. Specifically, Wilson asserts that, because he had only previously served 45 days in custody for a 2012 conviction prior to his arrest on the instant offense, he had not had an opportunity to be deterred because of previous incarceration. However, the record demonstrates that the district court considered the sentencing factors, as well as the mitigation arguments raised by defense counsel, ultimately imposing a below-Guidelines sentence. Although the extent of the variance was less than Wilson had requested, the district court tied the sentence it chose to the relevant sentencing factors. Given the "extremely broad discretion" afforded to a district court "when determining the weight to be given each of the § 3553(a) factors" in imposing sentence, *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), Wilson fails to rebut the presumption of reasonableness afforded his below-Guidelines sentence. Accordingly, Wilson's sentence is substantively reasonable.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3