**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-4046**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

BEN EARL-JUNIOR JOHNSON,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:24-cr-00187-WO-1)

─────────────

Submitted:  August 21, 2025              Decided:  August 26, 2025

─────────────

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After neglecting to self-report to prison, Ben Earl-Junior Johnson was convicted of failing to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2), (b)(1)(A)(i). The district court imposed an upward variance sentence of 32 months—double the high end of the applicable Sentencing Guidelines range. Johnson appeals, challenging only the substantive reasonableness of his sentence. For the reasons that follow, we affirm.

In reviewing a defendant's sentence for substantive reasonableness, we apply a deferential "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (internal quotation marks omitted). "However, when the variance is a substantial one . . . we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. And the farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Id.* at 219-20 (cleaned up). Still, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Johnson became a fugitive when, after being sentenced for creating a fictitious instrument, he failed to self-report to prison. While evading law enforcement for six months, Johnson attempted to have certain debts discharged by mailing bogus financial

2

documents to various federal authorities. At sentencing, the district court noted that these mailings echoed the fraudulent behavior that led to Johnson's fictitious instrument conviction. In the court's view, Johnson's decision to engage in further fraudulent conduct demonstrated a lack of remorse and a failure to accept responsibility for his actions. Thus, the court found that there was a substantial need for deterrence and protection of the public. *See* 18 U.S.C. § 3553(a)(2)(B), (C).

In arguing that his sentence is substantively unreasonable, Johnson contends that, aside from the mailings, his offense conduct falls within the heartland of failure-to-surrender cases. Maybe so, but the district court made clear that the mailings distinguished his case from others, thereby justifying an upward variance. Johnson also asserts that the Guidelines range already accounted for his lack of acceptance of responsibility, so it was unreasonable for the court to rely on this factor when varying upward. On the contrary, the court did not base its decision on whether Johnson accepted responsibility for failing to surrender; rather, the court focused on Johnson's failure to take accountability for his fraudulent conduct, which the Guidelines range did not address. At bottom, we are satisfied that the district court properly exercised its discretion in determining that a substantial upward variance was necessary to achieve the goals of sentencing.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3