**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-4342**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONNELL DEANGELO ADKINS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cr-00309-TDS-1)

─────────────

Submitted:  March 12, 2026                    Decided:  March 16, 2026

─────────────

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Elizabeth H. Richardson-Royer, Chapel Hill, North Carolina, for Appellant. Clifton T. Barrett, United States Attorney, Joanna G. McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnell Deangelo Adkins pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Adkins to 105 months' imprisonment after finding that the 18 U.S.C. § 3553(a) factors warranted an upward variance from the advisory Sentencing Guidelines range.  Adkins appeals, arguing that his sentence is procedurally and substantively unreasonable.  For the following reasons, we affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (citation modified).  In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id*.  While a district court must address the "central thesis" of each sentencing argument, it is "not also required to address separately each supporting data point marshalled on its behalf." *Id.* at 214.

Adkins first contends that the district court erred procedurally by failing to sufficiently consider several of his nonfrivolous mitigating arguments.  Our review of the record confirms that the district court either engaged with the contested arguments directly or addressed their central theses during its discussion of Adkins's history and characteristics.  Adkins also argues that the court failed to address his argument in opposition to an upward variance that his criminal history category adequately captured

2

the severity of his criminal history.  However, the court thoroughly discussed Adkins's criminal history, specifically noting the number of firearm-related offenses Adkins had incurred and explaining that the Guidelines range did not sufficiently account for the need for deterrence, protection of the public, and promotion of respect for the law.

Adkins next argues that his above-Guidelines sentence is substantively unreasonable.  If the district court has not committed procedural error, we then assess the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (citation modified).  "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Id.* at 215 (citation modified).  "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (citation modified).  Our review of the record leads us to conclude that the district court adequately justified the upward variance imposed and that Adkins' 105-month sentence is substantively reasonable based on the factors the court identified.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3