**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4356**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CHRISTOPHER DEAN HALL,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:20-cr-00457-WO-1)

_____

Submitted:  July 26, 2022                                    Decided:  July 28, 2022

_____

Before MOTZ, KING, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, K. P. Kennedy Gates, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Dean Hall pleaded guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2)(A), (b)(1). The probation officer assessed a Sentencing Guidelines range of 240 months—the statutory maximum—but recommended a 188-month sentence followed by 10 years of supervised release. At sentencing, the Government echoed the probation officer's request while Hall requested a 120-month sentence. The district court sentenced Hall to 188 months followed by 15 years of supervised release. On appeal, Hall contends that his sentence is unreasonable. For the following reasons, we affirm.

We review the sentence imposed by the district court for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). In doing so, we first examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51. We then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

Although Hall only challenges the substantive reasonableness of his sentence, we first review the procedural reasonableness of his sentence. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). We have reviewed the record and conclude that the sentence is procedurally reasonable. Next, Hall contends that his sentence is substantively unreasonable because it is too harsh, disparate from the sentences received by similarly situated defendants, and because he may have received a lower sentence from a different district court judge. However, the district court thoroughly and reasonably explained why a 188-month sentence was warranted. Moreover, although Hall might have received a lower sentence from a different district judge, that does not make his sentence unreasonable on its own. Based on the factors identified by the district court, we conclude that Hall has failed to rebut the presumption of reasonableness.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3