**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-4478**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

BRADLEY TYRONE SPRATT,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:21-cr-00044-CCE-1)

———————

Submitted:  August 23, 2022      Decided:  August 25, 2022

———————

Before GREGORY, Chief Judge, HEYTENS, Circuit Judge, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Tyrone Spratt pled guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Spratt within the advisory Sentencing Guidelines range to 108 months' imprisonment and 3 years of supervised release. On appeal, Spratt argues that his sentence is unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). We affirm.

We review Spratt's sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). In doing so, we first examine the sentence for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. at 51. We then review the substantive reasonableness of the sentence; that is, we "examine[ ] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). Moreover, we presume that a sentence within or below a defendant's advisory Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Although Spratt only challenges the substantive reasonableness of his sentence, we have reviewed the record and conclude that his sentence is procedurally reasonable.  *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).  Spratt argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the goals of § 3553(a).  However, the district court thoroughly discussed the relevant § 3553(a) factors, including the serious nature and circumstances of the offense, Spratt's history and characteristics, and the need to protect the public from further crimes.  The district court also engaged with Spratt's counsel over her request for a downward variance, but ultimately rejected the request in light of the dangerous nature of the offense conduct—which involved Spratt firing his then-girlfriend's gun from the window of a vehicle, then pointing the gun at her head, and threatening to kill her—and Spratt's robust criminal history, including prior firearm convictions.  Our review convinces us that the district court carefully evaluated the § 3553(a) factors and appropriately weighed Spratt's mitigating arguments when imposing a sentence within the Guidelines range.  Thus, Spratt has failed to rebut the presumption of substantive reasonableness accorded his sentence.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3