**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4021

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILIP STEPHEN STALLINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00635-WO-1)

Submitted:  December 20, 2022                    Decided:  December 22, 2022

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Eric L. Iverson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip Stephen Stallings pled guilty, pursuant to a written plea agreement, to transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1).  The district court sentenced Stallings to 150 months' imprisonment, a sentence below the advisory Sentencing Guidelines range.  On appeal, Stallings argues that his sentence is substantively unreasonable.  We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017).  This review requires consideration of both the procedural and substantive reasonableness of the sentence.  *Blue*, 877 F.3d at 517.  In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence.  *Gall*, 552 U.S. at 49-51.  We have confirmed that Stallings' sentence is procedurally reasonable.  *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances."  *Gall*, 552 U.S. at 51.  A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing.  18 U.S.C. § 3553(a).  "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable.  Such a

2

presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Stallings argues that his sentence is substantively unreasonable because the district court did not give adequate weight or consideration to several of the relevant factors in Stallings' background. However, the record shows that the district court considered the sentencing factors raised by defense counsel and engaged defense counsel in an extensive discussion of these factors. Ultimately, the court granted a downward variance but noted that it would not vary as far as defense counsel requested because it weighed defense counsel's arguments differently. Our review convinces us that the district court carefully evaluated the § 3553(a) factors and gave due consideration to Stallings' mitigating arguments when imposing its sentence. In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), Stallings fails to rebut the presumption of reasonableness afforded his below-Guidelines sentence. Accordingly, we conclude that Stallings' sentence is substantively reasonable.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3