**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4232

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JANEEN LINDA BAILEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Senior District Judge.  (3:21-cr-00102-JAG-1)

Submitted:  October 20, 2022                                      Decided:  May 3, 2023

Before KING and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Kenneth R. Simon, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Janeen Linda Bailey appeals from the sentence of 36 months that was imposed on her in April 2022 in the Eastern District of Virginia. Bailey pleaded guilty in November 2021 to two charges of tampering with consumer products, in contravention of 18 U.S.C. § 1365(a)(4).[1] Although Bailey's Sentencing Guidelines range was 51 to 63 months in prison — and her sentence thus reflected a downward variance — Bailey contends on appeal that the sentence imposed by the district court was substantively unreasonable. As explained herein, we reject that contention and affirm Bailey's 36-month sentence.

## I.

## A.

The factual background of Bailey's offenses is revealing. Bailey worked as a nurse in two long-term care facilities in central Virginia between December 2019 and May 2020. During that time, Bailey — who suffers from chronic back pain for which she had been prescribed medications — was using her own drugs so frequently that she would regularly deplete her prescriptions before she could refill them. Without access to a legitimate source for her pain medications, Bailey began stealing similar drugs from her patients. On at least

---

[1] In relevant part, § 1365(a)(4) of Title 18 — which we call the "tampering offense" — provides that "[w]hoever, with reckless disregard for the risk that another person will be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk, tampers with any consumer product" shall be punished as provided by law.

2

20 occasions, Bailey opened packets containing prescribed patient medications, removed the contents, replaced them with over-the-counter substances (such as aspirin, Tylenol, and stool softener), and resealed the packets with clear tape.  She would then use the stolen patient medications herself.

The medications that Bailey stole were important to her patients.  In many instances, they were being used to treat painful physical illnesses such as bone cancer and arthritis.  And because several of Bailey's patients also suffered from dementia and other mental impairments that hindered their ability to communicate, the fact that they were not receiving their prescribed medications often went unnoticed.  That situation was further exacerbated by the COVID-19 protocols put in place in early 2020, which largely prevented in-person visits to patients from family members and friends who might have noticed that their loved ones were not responding to their prescribed medications.

B.

In August 2021, Bailey was indicted in the Eastern District of Virginia on two counts of tampering with consumer products, in violation of 18 U.S.C. § 1365(a)(4).  Three months later, Bailey pleaded guilty to both charges.  As related above, Bailey's recommended sentencing range under the Guidelines was 51 to 63 months in prison.

At Bailey's sentencing hearing in Richmond in April 2022, the government contended that the nature and circumstances of Bailey's offenses justified a prison sentence at the low end of the Guidelines range.  Meanwhile, on her behalf, Bailey's lawyer requested a sentence of probation, arguing that any greater sentence would create an unwarranted sentencing disparity.  He argued that, of the defendants around the country

3

who had been convicted of tampering offenses, only those with aggravating factors — such as lying to law enforcement, reselling stolen medications, or having prior convictions — had received active prison sentences. And, her lawyer emphasized, none of those aggravating factors applied to Bailey.

Following the presentations of the parties, the sentencing court observed that, although certain other defendants convicted of tampering offenses had received probation, several had received prison sentences ranging from 24 to 48 months. The court therefore reasoned that, in this situation, a below-Guidelines prison sentence would not create an unwarranted sentencing disparity and would account for Bailey's history and the nature and circumstances of her tampering offenses. The court emphasized that, in its view, Bailey's conduct was "too serious" to warrant a sentence of probation. *See* J.A. 111.[2] The court stressed that Bailey had caused multiple patients to live with pain, and that she had stolen drugs from "helpless victims . . . who were not only unable to get medication for themselves, but in some cases were unable even to communicate that they needed help." *Id.* at 110-11. The court thus concluded that an active prison term — rather than probation — would deter Bailey and similar health care workers from stealing prescribed medications from patients.

After crediting Bailey's difficult upbringing and educational accomplishments, the court sentenced her to 36 months in prison — 15 months below the low end of her

---

[2] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties to this appeal.

4

Guidelines range. Bailey has timely noticed this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

II.

We review the reasonableness of a defendant's sentence "under a deferential abuse-of-discretion standard." *See Gall v. United States*, 552 U.S. 38, 41 (2007). Under *Gall*, that review includes both procedural and substantive components. If we are satisfied that a sentence is procedurally reasonable — that is, if the sentencing court has properly calculated the Guidelines range, allowed the parties to defend their respective positions, and adequately explained its sentence in light of the 18 U.S.C. § 3553(a) factors — we turn to an assessment of the substantive reasonableness of the sentence.[3] In reviewing a sentence for substantive reasonableness, we are obliged to "take into account the totality of the circumstances" and "give due deference to the district court's decision." *Id.* As the Supreme Court emphasized in *Gall*, the sentencing judge "is in a superior position to find facts and judge their import . . . [because he] sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Id.*

---

[3] Even though Bailey does not challenge the procedural reasonableness of her sentence, we are bound to examine the issue ourselves. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Having carefully assessed the record, we are satisfied that Bailey's sentence is procedurally reasonable.

Of importance in this appeal, we are obliged to presume that a sentence that falls within or below the Guidelines is substantively reasonable. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). That presumption can only be rebutted by showing "that the sentence [imposed] is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* Pursuant to § 3553(a), a sentencing court should impose a sentence that is sufficient — but not greater than necessary — to achieve the goals of punishment (that is, just punishment, deterrence, incapacitation, and rehabilitation). And the court must also consider, inter alia, the nature and circumstances of the offense of conviction and history and characteristics of the defendant, plus the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a).

In weighing an appellate claim of sentencing disparity, we have observed that rote comparisons to other sentences "may be treacherous," in that such comparisons risk ignoring the individual characteristics of the defendant and the conduct involved in committing the offense of conviction. *See United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012). In assessing the § 3553(a) factors, however, "it is clearly permissible for a sentencing court to weigh the gravity of the offense or the impact a defendant's crimes have had on a community" against the defendant's contention of sentencing disparity. *See United States v. Friend*, 2 F.4th 369, 381 (4th Cir. 2021). Put simply, "we are unwilling to isolate a possible sentencing disparity to the exclusion of all the other § 3553(a) factors." *Id.*

6

III.

As heretofore explained, Bailey pursues a single contention in this appeal — that her 36-month prison sentence is substantively unreasonable and thus resulted from an abuse of discretion by the district court. Bailey argues that the court improperly weighed the § 3553(a) factors and that her 36-month sentence represents an unreasonable sentencing disparity when compared to defendants with similar records who engaged in similar conduct.[4] In that regard, Bailey contends that, instead of focusing on sentences imposed in similar situations, the court "restricted its analysis to broad statistics." *See* Br. of Appellant 11.

In imposing Bailey's sentence, the court properly avoided any rote comparisons to other sentencing situations, and instead recognized that the sentences imposed on other defendants convicted of the tampering offense were consistently below-Guidelines, and ranged widely from probation to several years in prison. As the court emphasized, Bailey had caused her "helpless victims" to live with unnecessary pain. *See* J.A. 110-11. Those victims, the court observed, "were not only unable to get medications for themselves, but in some cases were unable even to communicate that they needed help." *Id.* At bottom, the able district judge appropriately exercised his discretion in concluding that Bailey's criminal conduct was "too serious" for a sentence of probation. *Id.* at 111. In these circumstances, we are unable to disturb that conclusion.

---

[4] Bailey also maintains that the presumption of reasonableness does not apply to her sentence. We are satisfied, however, that — even ignoring the presumption of reasonableness — her sentence is substantively reasonable.

7

IV.

Pursuant to the foregoing, we reject Bailey's contention of error and affirm her sentence.  We dispense with oral argument because the facts and legal contentions have been adequately presented and argument would not aid our decisional process.

*AFFIRMED*