**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4674**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LACHARLES ANTHONY CLARK, a/k/a LaCharles Anthonyo Clark,

Defendant - Appellant.

**No. 22-4675**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LACHARLES ANTHONY CLARK,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:21-cr-00112-TDS-1; 1:08-cr-00351-TDS-1)

Submitted:  January 11, 2024                                    Decided:  January 24, 2024

Before WYNN, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Leslie C. Rawls, Charlotte, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, LaCharles Anthony Clark appeals his convictions of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and distribution of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  Clark also challenges the district court's decision to sentence him to 96 months of imprisonment, and to revoke his supervised release and sentence him to an additional 24 months of imprisonment.  For the reasons below, we affirm.

First, Clark asserts that the district court plainly erred by permitting a witness to give hearsay testimony about Clark's drug dealing with her son.  Because Clark did not object to the testimony below, our review is for plain error.  *See* Fed. R. Crim. P. 52(b); *United States v. Olano,* 507 U.S. 725, 731–32 (1993).  We will reverse only if (1) the district court committed an error, (2) the error is plain, and (3) the error affects the defendant's substantial rights.  *Olano*, 507 U.S. at 732.  An error 'affects the defendant's substantial rights' if there is a reasonable probability that the error affected the outcome of the proceeding.  *United States v. Ojedokun*, 16 F.4th 1091, 1113 (4th Cir. 2021).  Even if these prerequisites are met, however, "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (alteration and internal quotation marks omitted).

While a hearsay statement is generally inadmissible, it may be admitted when the government shows by a preponderance of the evidence that a conspiracy existed of which the defendant and the declarant were members, and that the declarant's statement was made

3

during the course of and in furtherance of the conspiracy. *See United States v. Squillacote,* 221 F.3d 542, 563 (4th Cir. 2000); *United States v. Neal,* 78 F.3d 901, 904–05 (4th Cir. 1996). We need not decide whether the testimony at issue qualified as an admissible co-conspirator's statement made during and in furtherance of the conspiracy, because we conclude that even if there was an error, it had no effect on Clark's substantial rights. The witness' testimony, which the district court found credible, about Clark being the only person to sell her son drugs during the period at issue was based primarily on her personal knowledge. Therefore, the admission of the statement did not affect the outcome of the proceeding.

Second, Clark contends that the evidence was insufficient to support his convictions. In assessing the sufficiency of the evidence, we consider whether, construing the evidence in the light most favorable to the government, there is substantial evidence to support the verdict. *United States v. Young*, 916 F.3d 368, 384 (4th Cir. 2019). Substantial evidence is that which "a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id*. (quoting *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014)). In this analysis, we are "'not entitled to assess witness credibility' and must 'assume that the jury resolved any conflicting evidence in the prosecution's favor.'" *United States v. Robinson*, 55 F.4th 390, 404 (4th Cir. 2022) (quoting *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018)). "We consider both circumstantial and direct evidence, and allow the government all reasonable inferences that could be drawn in its favor." *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). The defendant "bears a heavy burden, as appellate reversal on grounds of insufficient

4

evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (quoting *United States v. Clarke*, 842 F.3d 288, 297 (4th Cir. 2016) (citations, alterations, and internal quotation marks omitted)). We have reviewed the record and conclude that the convictions are supported by sufficient evidence.

Third, Clark contends that the upward variant sentence imposed by the district court based on its assessment of the 18 U.S.C. § 3553(a) sentencing factors is substantively unreasonable. "In reviewing the substantive reasonableness of the sentence, we 'examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *United States v. McKinnie*, 21 F.4th 283, 292 (4th Cir. 2021) (quoting *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010)). While this court considers the extent of the variance, the fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). And variant sentences are generally reasonable when "the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019) (internal quotation marks omitted). But the greater the variance, the reasons cited by the court must be more compelling. *Id*. at 220. We conclude that the court properly evaluated the seriousness of Clark's criminal conduct, the need for deterrence given Clark's long criminal history, and the need to protect the public. We find no abuse of discretion in the imposition of the sentence.

Lastly, Clark contends that the 24-month revocation sentence for violating his conditions of supervised release by engaging in the criminal conduct at issue here should

5

be vacated, because the two underlying convictions are unsustainable. But because we have determined that Clark's convictions are supported by substantial evidence, there is no merit to Clark's argument.

For all these reasons, we affirm the convictions and sentence and the judgment and commitment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*