**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4064

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WARREN HAROLD BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:11-cr-00063-HEH-DJN-1)

Submitted:  April 25, 2025                                Decided:  June 26, 2025

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Scott W. Putney, Norfolk, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Erik S. Siebert, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2011, Warren Harold Brown and his codefendant, Winston Oliver II, were convicted of conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and two counts of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). We subsequently vacated Brown's § 924(c) convictions and remanded for resentencing. On remand, the district court upwardly varied from the advisory Sentencing Guidelines range and sentenced Brown to 240 months' imprisonment on each of the robbery counts, to be served consecutively, for a total sentence of 480 months' imprisonment. Brown now appeals, arguing that his sentence is procedurally and substantively unreasonable. We affirm.

"We review a district court's sentence for an abuse of discretion." *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019). Under this standard, "we review the district court's legal conclusions de novo and factual findings for clear error." *Id.* (internal quotation marks and citation omitted). We must first ensure that the district court did not commit a procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, . . . selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range and giving due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Huskey*, 90 F.4th 651, 677 (4th Cir. 2024) (cleaned up).

2

In challenging his sentence's procedural reasonableness, Brown argues that the district court did not adequately consider his rehabilitation and failed to adequately explain the extent of the upward variance. We have reviewed the record and discern no error. The court acknowledged that Brown had no disciplinary infractions, worked while incarcerated, and had completed almost 30 educational classes. And the court thoroughly explained why the § 3553(a) factors justified the upward variance. In particular, the court noted Brown's extensive criminal history; the severe physical and psychological damage to the victims; and the seriousness of Brown's offense conduct.

Brown also argues that the district court's imposition of consecutive sentences was unreasonable. In his view, the conspiracy to commit robbery and attempted robbery were coterminous, and, thus, the court abused its discretion by imposing separate sentences. However, "separate sentences are entirely appropriate where, as here, a defendant is convicted of both the conspiracy and the accomplishment of that end." *United States v. Oliver*, 133 F.4th 329, 340 (4th Cir. 2025). In light of this principle, and given the district court's thorough explanation of its chosen sentence, we conclude that the imposition of consecutive sentences was well within its discretion.

Finally, we conclude that Brown's sentence was substantively reasonable. As discussed, the district court considered Brown's criminal history, rehabilitation, and offense conduct. Applying the § 3553(a) factors to Brown's circumstances, the court concluded that 480 months' imprisonment was an appropriate sentence. We discern no abuse of discretion in this conclusion.

3

Accordingly, we affirm the district court's judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*