**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––––

**No. 24-4497**

––––––––––––

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TRON MARTELLE HARRISON,

        Defendant - Appellant.

––––––––––––

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:24-cr-00149-CMC-1)

––––––––––––

Submitted: April 22, 2025                  Decided: October 17, 2025

––––––––––––

Before WYNN and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

––––––––––––

Affirmed by unpublished per curiam opinion.

––––––––––––

**ON BRIEF:** Jeremy A. Thompson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Adair F. Boroughs, United States Attorney, Matthew Sanford, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tron Martelle Harrison appeals his 63-month sentence imposed after he pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Harrison argues that the sentence, which was the result of an upward variance from the Sentencing Guidelines range established by the district court, is substantively unreasonable. We affirm.

We review a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This court

> first ensure[s] . . . the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Id.* at 51; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("We are required to analyze procedural reasonableness before turning to substantive reasonableness.").

If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. "Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks

2

omitted).   "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *Provance*, 944 F.3d at 219 (internal quotation marks omitted).  However, "[t]he farther the court diverges from the advisory [G]uideline[s] range, the more compelling the [court's] reasons for the divergence must be." *Id.* at 220 (internal quotation marks omitted).

Our review of the record confirms the substantive reasonableness of the district court's decision to vary from the Guidelines range and the extent of the variance.  The court provided a thorough discussion of the § 3553(a) factors and Harrison's mitigation and sentencing disparity arguments.  The court concluded that, considering Harrison's history of convictions involving firearms, the serious nature of the arrest that led to the instant offense, the recency and similarity of Harrison's previous federal conviction under § 922(g), and the need to deter Harrison from future crimes and protect the public, an above-Guidelines-range sentence was necessary.  We conclude that the district court did not abuse its discretion in determining that the § 3553(a) factors, taken as a whole, justified Harrison's sentence.  *See Gall*, 552 U.S. at 59-60.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*