**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 25-4334**

————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NOLVIN ALFREDO-DIAZ, a/k/a Alfredo Diaz, a/k/a Nolvin Alfredo Diaz,

Defendant - Appellant.

————————————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Frank W. Volk, Chief District Judge.  (5:24-cr-00146-1)

————————————

Submitted:  April 29, 2026                                      Decided:  May 8, 2026

————————————

Before WILKINSON, THACKER, and QUATTLEBAUM, Circuit Judges.

————————————

Affirmed by unpublished per curiam opinion.

————————————

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Lex A. Coleman, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Moore Capito, United States Attorney, Erik S. Goes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nolvin Alfredo-Diaz, a citizen of Honduras, pleaded guilty without a plea agreement to illegal reentry after removal following a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1). The district court imposed a sentence of 36 months' imprisonment, below the Sentencing Guidelines range established by the court. On appeal, Alfredo-Diaz argues that his sentence is substantively unreasonable. We affirm.

We review the procedural and substantive reasonableness of a sentence for abuse of discretion. *United States v. Luong*, 125 F.4th 147, 155-56 (4th Cir. 2025). Although Alfredo-Diaz makes no challenge to the sentence's procedural reasonableness, we still must ensure that the sentence is procedurally sound before considering its substantive reasonableness. *Id.* at 156; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (stating that this court must "analyze procedural reasonableness before turning to substantive reasonableness"). A district court imposes a procedurally unreasonable sentence if it "commits an error such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Smith*, 134 F.4th 248, 264 (4th Cir. 2025) (internal quotation marks omitted). And a district court must make "an individualized assessment based on the particular facts of the case before it." *Luong*, 125 F.4th at 156 (internal quotation marks omitted).

2

Our review of the record reveals no procedural error in Alfredo-Diaz's sentence. The district court properly calculated Alfredo-Diaz's Guidelines range, including assessing two ten-level enhancements for his two prior felony drug offenses, both before and after a prior removal from the United States. *See* U.S. Sentencing Guidelines Manual § 2L1.2(b)(2)(A), (3)(A) (2024). The court also adequately considered the § 3553(a) factors, reflecting an individualized assessment of Alfredo-Diaz's case, and explained its deviation from the Guidelines range. We thus conclude that his sentence is procedurally reasonable.

As for substantive reasonableness, we "consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Swain*, 49 F.4th 398, 402 (4th Cir. 2022) (internal quotation marks omitted). Thus, "a sentence is substantively unreasonable if it is longer than necessary to serve the purposes of sentencing." *Id*. (citation modified). But a below-Guidelines sentence is presumptively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). And "such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (citation modified).

The district court imposed a sentence below the Guidelines range to balance Alfredo-Diaz's recent behavior with his significant criminal and immigration history. In doing so, the court carefully considered the § 3553(a) factors, recognizing that Alfredo-Diaz's recent work history and behavior were commendable, as well as the significant

3

amount of time since his last felony conviction, but balancing that against Alfredo-Diaz's two previous felony drug convictions, and the fact that he had previously been removed twice and returned to the United States without authorization. Applying the presumption of reasonableness, which Alfredo-Diaz fails to rebut, we conclude that his sentence is substantively reasonable.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*